CARL E. WARD, Respondent, Appellant, *v.* JOHN MCVICKER RICHMOND, Appellant, Impleaded with RICHARD ELKINS, Respondent, and Others, Defendants.

First Department, November 5, 1920.

Fraud and deceit — action based on fraudulent representations inducing purchase of stock — evidence — opinion of witness as to honesty of defendants — judgment for plaintiff reversed.

Action to recover damages claimed to have been sustained by plaintiff by reason of the defendants' false and fraudulent representations as to a certain oil company whereby the plaintiff was induced to buy certain shares of stock thereof. Evidence examined, and *held*, that a dismissal as to one of the defendants was proper since no false representations were

proven to have been made by him or facts by reason of which he could be held liable, but that the liability of the other defendant was properly submitted to the jury.

However, a judgment for the plaintiff against the other defendant will be reversed and a new trial granted where the plaintiff over objection and exception was allowed to introduce the testimony of an attorney at law who while called to testify to admissions made by the defendants tending to show that they were parties to the fraud was allowed to state that he charged the defendants with a swindling operation, although they claimed to have acted in good faith, etc., for such testimony was merely the opinion of the witness as to the honesty of the defendants, with particular reference to other transactions, and had no bearing whatever on the plaintiff's dealing with them.

It seems, that as the alleged fraudulent representations of the other defendant upon which the plaintiff relied were contained in the printed prospectus of the corporation, it should be shown upon a new trial whether the plaintiff actually read the prospectus before or after he bought the stock.

APPEAL by the defendant, John McVicker Richmond, from that part of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of November, 1918, resettling and amending a judgment entered in said clerk's office on the 21st day of October, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 25th day of October, 1918, denying said defendant's motion for a new trial made upon the minutes.

Appeal by the plaintiff, Carl E. Ward, from that part of said judgment in favor of the defendant Richard Elkins, entered upon the dismissal of the complaint as against said defendant by direction of the court at the close of the plaintiff's case after a trial at the New York Trial Term.

*Donald C. Muhleman* [*Larkin & Perry* and *Thomas F. Dougherty* of counsel], for the plaintiff.

*William L. Flagg* [*Edwin W. Willcox* of counsel], for the appellant Richmond.

*Edwin W. Willcox*, for the respondent Elkins.

DOWLING, J.:

This action was brought against defendants for damages claimed to have been sustained by plaintiff by reason of their

false and fraudulent representations as to the United States Consolidated Oil Company, whereby plaintiff was induced to pay the sum of $6,750 for 1,500 shares of stock thereof.

As to the defendant Elkins, I am of the opinion that the dismissal of the complaint was proper, since no false representations whatever were proven to have been made by him, nor were any facts shown by reason of which he could be held liable in this action.

As to the defendant Richmond, the record presents proof which justified the submission to the jury of the question of his liability. The judgment against him, however, must be reversed because of error in admitting the testimony of the witness Lesser. This witness, an attorney, represented J. E. Wilson, president of the company, and after the latter's death, acted for his estate. He was called ostensibly to testify to admissions made by defendants Elkins and Richmond tending to show that they were parties to a fraud upon plaintiff, that the whole operation under the Cornell process or patent was a swindle, and that Wilson also had been victimized. Instead of this, the witness testified that Elkins said he went into the matter in good faith, and refused to make any settlement with Wilson or his estate, and that both Elkins and Richmond said that " as far as they were concerned, they were entirely *bona fide* about it." They both denied they were swindlers. The real purpose of introducing the testimony of this witness was apparently to get before the jury his characterization of the defendants, and those connected with them in the company, and his opinion as to their good faith and honesty. There were three interviews had by the witness with defendants. At the first, which was attended by Wilson, the witness " pointed out to him [Wilson] the danger of the situation for all of them; " and further that " the launching of a corporation in New York with nothing back of it, was a very dangerous proposition." He summarized the claimed situation of the company and said that " Wilson stood holding the bag there and that Wilson must be relieved, and that Elkins and Richmond who had gotten the money, were the men to do it." He further said: " I then pointed out to him [Elkins] the situation was a dangerous one for all the parties concerned, that something had to

First Department, November, 1920. [Vol. 193.

be done, that Wilson could no longer meet his obligations, that he had put it into a shell of an enterprise, although I might say I characterized it very much stronger than that. I told him it was a swindling operation on the face of it, and that they ought to be careful or the due process of law would reach all of them, and Mr. Elkins said and Mr. Richmond said, as far as they were concerned, they were entirely *bona fide* about it. I said to them or told them that they were dealing with a man, Brandt Walker, a notorious man in this community for that sort of an operation, and that they were not selling oil or oil land, but they were selling stock, and the time had arrived where men of his standing and his position coming as he does from a line of the decent forebears, might not be concerned in such enterprises and that he must help Mr. Wilson or a way would be made to make him help Mr. Wilson."

At a second interview, with Elkins present, but not Richmond, the witness testified that he asked Elkins what he was going to do about the claim he felt the Wilson estate had against Elkins (Wilson now being dead) on the moneys owing to Wilson, that had either been paid to Elkins directly or through Richmond. Witness said the situation referred to sums of $15,000, $7,500 and $3,000 and that it must be " straightened out; " that Elkins must " shoulder this business." At a third interview, at which both Elkins and Richmond were present, witness testified that he " got heated; " that he told them they " were a pack of swindlers and something ought to be done; " " there must be a settlement of these affairs. He must give up this money, they must refund the $7,500 that they took, the $15,000 that they took, and if possible they must straighten out, us out with the Elkins Coal & Coke Company, that we would give them all the stock they wanted and any thing else that they wanted."

All this testimony was received under objection and exception. Motions to strike it out repeatedly made were denied. The court's attention was called to the fact that there were no admissions by defendants being proven; that what was going in the record was the opinion of the witness as to the good faith and honesty of defendants' general dealings, with particular reference to their transactions with Wilson, and

that had no bearing whatever on plaintiff's dealings with them. All the objections made were overruled and the motions denied. When the motion was made to strike out the most damaging testimony of all in which the witness characterized the enterprise as a swindling operation on the face of it, the following ensued: " Mr. Osborne: I move to strike it all out. The Court: I will allow it to stand, Mr. Osborne, for what it may be worth. Mr. Osborne: I respectfully except, for this reason: There is no admission here on the part of Elkins or Richmond, they both said in response to his charge, ' We went into this in good faith.' The Court: Then you have got the benefit of that, and the jury will be properly told as to that."

Despite this nothing was said in his charge to the jury by the learned trial court as to the extent to which the testimony of this witness was relevant or weighty. I am of the opinion that in view of this witness being an attorney and a former member of Congress, his testimony characterizing the whole ·operation as a swindling one, and his professional opinion as to defendants' liability therefor must have carried weight with the jury, and its receipt was so prejudicial to defendant Richmond that it calls for the reversal of the judgment against him and the granting of a new trial.

In view of the fact that the case must be tried again, it may be well to call attention to the fact that the recovery against Richmond, upon the present record, must rest upon the falsity of the representations contained in the prospectus issued by the company and claimed to have been prepared by Richmond, of which preparation confirmation is sought in the letter in evidence from Richmond to Walker. None of these representations is claimed by plaintiff to have been made to him orally. Plaintiff testified that he saw these prospectuses, and that some were laid upon his desk, but he never discussed them with Elkins or Richmond. He further testified that he relied upon the representations contained therein, when interrogated as to each one specifically. But he nowhere testifies that he saw, read or received the prospectus before he bought the stock from defendants. The questions put to him seem to indicate that counsel on both sides assumed he had received the prospectus before he bought

the stock, but as the representations claimed to have been relied on and proven to be false, were contained in the printed prospectus, it would be well upon a new trial to establish the fact as to when plaintiff actually read the prospectus, whether before or after he parted with his money for the stock.

The judgment appealed from in so far as it dismisses the complaint as to the defendant Elkins will be affirmed, with costs to him as against the plaintiff; in so far as it awards judgment against the defendant Richmond it will be reversed and a new trial granted, with costs to said appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concur.

Judgment in so far as it dismisses complaint as to defendant Elkins affirmed, with costs to him as against plaintiff; in so far as it awards judgment against defendant Richmond, reversed and new trial granted, with costs to said appellant to abide event.    Settle order on notice.